AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 1:23-MJ-574 (CFH) |
| JAMEL PHILLIPS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of 10/11/2023 in the county of Albany in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and 841(b)(1)(B) | Distributing a Controlled Substance |

This criminal complaint is based on these facts:
See Attached Affidavit

☒  Continued on the attached sheet.

_____
Complainant's signature

Caitlin J. Ostrowski, Special Agent, DEA
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  10/11/2023

_____
Judge's signature

City and State:  Albany, NY

Hon. Christian F. Hummel, U.S. Magistrate Judge
_____
Printed name and title

*Stamp: U.S. DISTRICT COURT - N.D. OF N.Y. FILED OCT 11 2023 AT ___ O'CLOCK  John M. Domurad, Clerk - Albany*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Caitlin J. Ostrowski, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      Prior to becoming employed as a Special Agent approximately four years ago, I was employed as a Rensselaer County Sheriff's Office deputy assigned to work as a Task Force Officer with DEA since April 2008. I am currently assigned to investigate illicit drug trafficking organizations in and around Albany, New York and the greater Capital Region. As a DEA Special Agent, I received sixteen (16) weeks of training at the DEA Academy in Quantico, Virginia, where I became familiar with how controlled substances are consumed, manufactured, packaged, marketed and distributed. During my career, I have participated in hundreds of investigations of alleged criminal violations of the Controlled Substances Act.

3.      I have received training pertaining to the investigation of various crimes which arise from drug trafficking. I have participated in the execution of search warrants for controlled substances, the proceeds of drug trafficking and the documentary evidence of drug trafficking. I have conducted surveillances in connection with drug investigations as well as in response to court authorized wire intercepts. My experience as a Task Force Officer and Special Agent with the DEA, my participation in the investigations of both domestic and international drug trafficking organizations, my conversations with known drug traffickers, my conversations with other Special

1

Agents of the DEA familiar with drug trafficking and money laundering, and my training and experience form the basis of my opinions and conclusions set forth below.

4. This affidavit is intended to show merely that there is probable cause for a complaint, and consequently it does not set forth all of my knowledge about the matters under investigation. Where statements of others are related in this affidavit, they are related in substance and in part. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JAMEL PHILLIPS has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), by knowingly and intentionally distributing over five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

## INVESTIGATION AND BASIS FOR PROBABLE CAUSE

5. In or about August 2023, law enforcement became aware that JAMEL PHILLIPS was selling methamphetamine in the Northern District of New York. An undercover police officer ("UC") arranged with PHILLIPS to purchase 500 MDMA pills.

6. In addition to statements made by the UC after the controlled purchases, the information has been corroborated by independent law enforcement observation, text message communication and/or electronic monitoring of the majority of contact that UC had with PHILLIPS described below.

### Controlled Purchase of Methamphetamine from PHILLIPS

7. On August 23, 2023, under the direction of law enforcement, the UC arranged to meet with PHILLIPS through a third party in the Averill Park, NY area. PHILLIPS arrived at the predetermined meet location at approximately 11:30am. The UC met with PHILLIPS and PHILLIPS provided the UC with 5 clear plastic bags each containing multi-colored pills. The UC

handed PHILLIPS $2000. The UC was fitted with audio/video recording devices which captured the transaction and the ensuing conversation.

8.     Law enforcement agents followed the UC back to a pre-determined location. Upon reaching the pre-determined location, the UC turned over the suspected methamphetamine pills to members of DEA. The exhibit was subsequently analyzed at the DEA Northeast Laboratory where it was determined to contain 491 pills (approximately 209 grams) at a purity rate of 4.4%, which amounts to approximately 9.2 grams of pure methamphetamine.

## CONCLUSION

9.     Based on the foregoing, there is probable cause to conclude that JAMEL PHILLIPS has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Distributing a Controlled Substance), by knowingly and intentionally distributing 5 grams or more of methamphetamine.

Attested to by the affiant,

_____
Caitlin J. Ostrowski, Special Agent
Drug Enforcement Administration

I, the Honorable Christian F. Hummel, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on October 11, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure:

_____
HON. CHRISTIAN F. HUMMEL
UNITED STATES MAGISTRATE JUDGE